## UNITED STATES CASUALTY CO. v. DUNLAP et al.

No. 27652.   Oct. 19, 1937.

Pierce & Rucker and Fred M. Mock, for petitioner.

Robert D. Crowe and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding to review an award of the State Industrial Commission made in favor of Zela Dunlap and against the employer and insurance carrier while the said Zela Dunlap was employed by the Brooks Produce Company at Duncan, Okla. The insurance carrier, the United States Casualty Company, commenced this proceeding to vacate the award and makes the employer and claimant respondents to the proceedings. The employer does not prosecute the proceeding. The sole question to be determined is whether at the date of the accidental injury the claimant was covered by the policy which the insurer issued to the employer. The parties will be referred to as petitioner and respondent.

Respondent sustained an accidental injury on April 4, 1935, when he strained abdominal and lumbar muscles while engaged in unloading corn at Brooks Produce Company in Duncan, Okla. He was given temporary total disability in an award of the State Industrial Commission dated October 28, 1936.

On December 11, 1934, petitioner issued a policy for the period of one year to R. M. Benton, who was at that time operating three plants in Oklahoma City, under the style of Oklahoma Flour & Feed Company, and one plant known as Grady County Flour & Feed Company at Chickasha, Okla. The said policy provided, among other things:

"Item 1. Name of Employer R. M. Benton, Doing Business as Oklahoma City Flour & Feed Co. of Oklahoma City and Grady County Flour & Feed Co., Chickasha, Oklahoma. P. O. Address 1220 West Main, Oklahoma City, Oklahoma.

"For the purpose of serving notice, as in the Policy Provided, this Employer agrees that this address may be considered as both the residence and business address of this Employer or any representative upon whom notice may be served.

"Individual, co-partnership, corporation or estate?   Individual.

"Item 2. The period during which the Policy shall remain in force, unless canceled as in the Policy provided (herein called Policy Period) shall be from Dec. 11th, 1934, to Dec. 11th, 1935, at twelve and one minute o'clock a. m. standard time, as to each of said dates at the place where any operation covered thereby is conducted, as respects that operation, or at the place where any injury covered hereby is sustained as respects that injury.

"Item 3. Location of all factories, shops,

yards, buildings, premises or other work places of this Employer, by Town or City, with Street and Number 1218-20 West Main: 1217 South Agnew and 202 South West 44th Street, Oklahoma City; and North Fifth Street, Chickasha, Oklahoma. All business operations, including the operative management and superintendence thereof, conducted at or from the locations and premises defined above 'as declared in each instance by a disclosure of estimated remuneration of employees under such of the following Divisions as are undertaken by this Employer: 1—All industrial operations upon the premises. 2—All office forces. 3 —All repairs or alternations to premises. 4—Operations not on the premises."

Item One (b) in said policy provides as follows:

"One (b) To Indemnify this Employer against any loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada."

It is the contention of the respondent that these terms cover the respondent. With this we cannot agree. Plainly the intent of these provisions is to cover any workman in the plants designated in the face of the policy whether the work is done on the premises of Oklahoma City and Chickasha plants or off the premises, as long as the work is done in connection therewith and as a part thereof. Such could not cover the respondent. The testimony of the employer, Benton, was that prior to January 18, 1935, he had a half interest as a partner in the Brooks Produce Company 'at Duncan, Okla.; that on January 18, 1935, he purchased outright said establishment and became sole owner thereof and was the owner thereof at the time of the injury received by the respondent.

In the policy of insurance we find the following provision:

"A. The premium is based upon the entire remuneration earned, during the Policy Period, by 'all employees of this employer engaged in the business operation described in said Declarations, together with all operations necessary, incident or appurtenant thereto, or connected therewith, whether conducted at such work places or elsewhere in connection therewith or in relation thereto, excepting, however, the remuneration of the President, 'and Vice President, Secretary or Treasurer of this Employer, if a corporation, but including the

remuneration of any one or more of such designated officers who are actually performing such duties as are ordinarily undertaken by a superintendent, foreman or workman. If any operations as above defined are undertaken by this Employer but are not described or rated in said Declarations this Employer agrees to pay the premium thereon, 'at the time of the final adjustment of the premium in accordance with Condition C hereof. at the rates and in compliance with the rules, of the Manual of Rates in use by the Company upon the date of issue of this Policy. At the end of the Policy Period the actual amount of the remuneration earned by the employees during such period shall be exhibited to the Company, as provided in Condition C hereof, and the earned premium adjusted in accordance therewith at the rates and under the conditions herein specified. If the earned premium, thus computed, is greater than the 'advance premium paid, this Employer shall immediately pay the additional amount to the Company. if less, the Company shall return to this Employer the unearned portion, but in any event the Company shall retain the Minimum Premium stated in said Declarations. All premiums provided by this policy. or by any endorsement hereon shall be fully earned whether any such Workmen's Compensation Law. or any part of such. is now or shall hereafter be declared invalid or unconstitutional."

In 14 R. C. L. page 925, par. 102, it is said:

"An insurance policy is to be construed according to its sense and meaning, as collected in the first place from the terms used in it. which terms 'are themselves to be understood in their plain, ordinary and popular sense, unless they have generally in respect to the subject matter. as by the known usage of trade or the like. acquired a peculiar sense distinct from the popular sense of the same words."

We are of the opinion and hold that the terms of said agreement are clear and unambiguous and susceptible of but one construction, to wit, that if the said R. M. Benton undertakes such operations as those mentioned in the declarations quoted above, but which are not named therein, in which operations he employs other workmen in the flour and feed business, then the said R. M. Benton agrees to pay the premiums as provided by the above-quoted section. Under the obligation mutually created by said provision, it became the duty of the said Benton to pay the premiums on the respondent during his employment, and it thereupon became the duty of the insurer to pay any compensation for an injury sus-

tained by said respondent during the term of the policy.

This being the sole question presented to this court, the award is affirmed.

OSBORN, C. J., and PHELPS, CORN, GIBSON, and HURST, JJ., concur. BAYLESS, V. C. J., and RILEY, WELCH, and DAVISON, JJ., absent.